Harper, J.
I am very much inclined to think, with respect to the first ground of the motion, that the witness, Joseph Cleverly, was incompetent. He clearly shews himself to be a creditor of Stephen Cleverly, and we cannot here undertake to say that the demand was barred by the statute of limitations. The assignment which is produced to us, endorsed on Stephen Cleverly’s petition to be discharged under the Prison Bounds Act, is not only for the purpose of discharging the debt and action upon which he was confined, but for the benefit of others of his creditors — that must mean all his creditors. Now the Prison Bounds Act only requires the assignment to be made for the satisfaction of the particular debt. But a man may voluntarily make an assignment for the benefit of his creditors, if he will, and I do not perceive that he is disqualified to make it to his assignees under the Prison Bounds Act. The assignees are not bound to accept it in this way, but if they do accept it, I suppose they would be compelled to perform the ti'ust. Then the principle applies which is sustained by the authorities referred to in the argument, (1 Phil. Ev. 52; 2 Stark. Ev. 770, and the cases there referred to,) that a party is an incompetent witness to increase a fund out of which he is to receive a dividend. This is not restricted, as argued, to the ease of the creditor of a bankrupt, who will be discharged from all future liability to his creditors. The assignees are trustees for the witnesses along with other creditors. It is receiving that direct benefit from the result of the suit which the law regards as disqualifying a witness, that the fund should be increased out of which he will be entitled to receive immediate payment, instead of being turned over to a future remedy against an insolvent debtor. No doubt, however, but that the witness may be rendered competent by releasing to the assignees any claim to the fund.
As to the second ground, we think that the rule has been misconceived which allows a witness to look at a memorandum for the purpose of refreshing his memory. The subject is fully considered in the case of the State v. Rawls, 2 N. & M’C. 331. The rule there established is, that if a memorandum were made by the witness at the time, with a view to perpetuate the *447 recollection of the facts, and the witness can swear positively that the memorandum was made according to the truth of the facts, and consequently that the facts did exist, this is suffi. cient, though they may not remain in his memory at the time he gives his testimony. The English cases are those in which a memorandum made or copied by another person was used by the witness. How would it be possible otherwise to have testimony of facts which consist of a great variety of minute particulars? Here, from the memorandum, the witness did swear positively to the truth of the facts in the memorandum.
Gregg and Woodward, for the motion.
Clarke, contra.
Motion granted.
JoirasoN and O’Neall, Js. concurred.